UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KENNESHEA ALLUMS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v: | ) | Case No. |
| | ) | |
| LAMBDA LEGAL DEFENSE & EDUCATION FUND, INC., | ) | |
| | ) | |
| Defendant | ) | JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Kenneshea Allums, appearing pro se, hereby alleges as follows:

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. Section 1332(a)(1) because there is diversity of citizenship and the amount in controversy is greater than $75,000, exclusive of interests and costs.

2. Plaintiff is a natural citizen of the State of Connecticut.

3. Defendant is a non-profit organized under the laws of the State of New York with its principal place of business in New York, and is therefore a citizen of New York for purposes of diversity jurisdiction.

4. Venue is proper pursuant to 28 U.S.C. Section 1391(b)(2) because a substantial part of the events or omissions giving rise to this complaint occurred within this district.

### II. THE PARTIES

5. The Plaintiff, Kenneshea Allums, is a resident of Bridgeport, Connecticut.

1

6. The Defendant, Lambda Legal Education and Defense Fund, Inc., is a non-profit operating throughout the country, incorporated in New York with its headquarters at 120 Wall Street, Floor 19, New York, NY 10005, and is an employer as defined by the Connecticut Family Medical Leave Act (FMLA), Conn. Gen. Stat. Section 31-51kk et seq., and conducts business in the State of Connecticut.

### III. STATEMENT OF FACTS

7. Plaintiff was employed by Defendant as a Staff Attorney from October 30, 2023 until April 19, 2024.

8. During the course of employment, Plaintiff became eligible for leave under the FMLA due to a serious health condition.

9. During her tenure, the plaintiff worked remotely from her home in Bridgeport, CT.

10. Shane Smoore (he/him), Recruiter, emailed plaintiff the Lambda Legal Handbook Notification & Signoffs ("Handbook") on Oct. 18, 2023.

11. The Handbook fails to provide a notice or policy explaining the Connecticut Family and Medical Leave Act's provisions and information concerning FMLA entitlements and employee obligations, including procedures for filing complaints of alleged violations of the Act with the Connecticut Department of Labor.

12. On April 9, 2024, Amy Cook (she/they), former Lambda Unites Co-Chair, informed Defendant that Plaintiff was requesting six weeks medical leave.

13. On April 10, 2024, Defendant stated that Plaintiff was not eligible for FML leave.

14. On April 12, 2024, Plaintiff emailed Defendant a letter from her Primary Care Provider to supplement her request for medical leave.

15. Defendant terminated Plaintiff on April 19, 2024.

16. On April 23, 2024, the Washington-Baltimore News Guild filed a grievance challenging Plaintiff's termination.

17. Plaintiff filed a complaint with the Connecticut Department of Labor on January 7, 2025 outside the standard limitations period set forth by applicable law.

18. Plaintiff respectfully asserts that there was good cause for the delay in filing with the Connecticut Department of Labor. Specifically, Plaintiff's late filing was due to
    a. Defendant's decision to terminate Plaintiff's employment, at the same time she was experiencing serious health issues, resulted in an extended period of incapacitation.
    b. The loss of Plaintiff's health insurance led to the loss of two health care providers and delayed Plaintiff's ability to schedule the medical treatments recommended by her providers.
    c. The Plaintiff suffered severe depression and several physical ailments. She missed medical appointments, stopped leaving her apartment, and lost significant weight.
    d. Defendant's misleading conduct concealed Plaintiff's rights under the Act.

19. Accordingly, equitable tolling is warranted because Plaintiff exercised reasonable diligence, the delay was caused by circumstances beyond Plaintiff's control, and strict enforcement of the limitations period would be unjust under the circumstances.

20. Plaintiff acted in good faith and, upon realizing the need to file the complaint, did so promptly.

21. The Connecticut Department of Labor issued Plaintiff a release of jurisdiction on January 13, 2025.

**IV. COUNT ONE: Interference in violation of the Connecticut Family Medical Leave Act, Connecticut General Statues Section 31-51kk et *seq.***

1. The plaintiff restates, re-alleges and incorporates by reference paragraphs 1 through 21, above.

22. Defendant's actions constitute a violation of the Connecticut Family Medical Leave Act, including but not limited to unlawfully denying Plaintiff the exercise of her rights provided by the Act.

### V. CLAIM TWO: Retaliation in violation of the Connecticut Family Medical Leave Act, Connecticut General Statues Section 31-51kk et *seq.*

1. Plaintiff restates, re-alleges and incorporates by reference paragraphs 1 through 22, above.

23. Defendant retaliated against Plaintiff by terminating her employment for attempting to exercise her rights under the FMLA.

### VI. DAMAGES ALLEGATIONS

24. As a direct and proximate result of the Defendant's actions, the Plaintiff has suffered and continues to suffer:
    a. Lost wages and benefits, including back pay and the value of lost employment benefits;
    b. Front pay and/or reinstatement, depending on feasibility;
    c. Emotional distress, anxiety, humiliation, mental anguish, dignitary harm, and harm to her reputation and well-being;
    d. Other economic and non-economic damages as will be proven at trial.

25. The amount in controversy exceeds $75,000 exclusive of interests and costs.

### VII.     PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and against Defendant, and award the following relief:

A. Compensatory damages in an amount exceeding $75,000, including back pay, front pay, and the value of lost benefits;

B. Damages for emotional distress, pain and suffering, and other non-economic harms;

C. Equitable relief, including but not limited to reinstatement to Plaintiff's former position or front pay in lieu of reinstatement;

D. Prejudgment and post-judgment interest as allowed by law;

E. Costs and expenses of litigation;

F. Any further relief as the Court deems just and proper.

## VIII. PRIOR ADMINISTRATIVE PROCEEDING-DEPARTMENT OF LABOR

26. Plaintiff previously filed a complaint with the Connecticut Department of Labor (DOL) regarding the violations alleged herein.

27. The DOL dismissed the complaint on or about January 13, 2025, citing Plaintiff's failure to timely file and to show good cause for delay.

28. The DOL's dismissal was procedural and administrative in nature and did not adjudicate the merits of Plaintiff's FMLA claim.

29. Under the Connecticut Family and Medical Leave Act, filing with the DOL is not a required prerequisite to seeking relief in court, and such a dismissal does not preclude Plaintiff's right to pursue this action under state law in this Court.

30. A true and correct copy of the Department of Labor's release of jurisdiction is attached hereto as Exhibit A.

## IX. DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial on all issues raised in this complaint.

5

Respectfully submitted,

*[signature]*

Kenneshea Allums
1188 Main Street
Apt. 208
Bridgeport, CT 06604
318-518-4387
Kballums@gmail.clom
*Pro Se Plaintiff*

# EXHIBIT A

 Gmail                                                       Brenaye' Allums <kballums@gmail.com>

## Dismissal of CTFMLA Complaint: Kenneshea Allums v. Lambda Legal
1 message

**FMLA No Reply** <dol.ct-fmla-complaints-notifications@ct.gov>         Mon, Jan 13, 2025 at 10:58 AM
To: "kballums@gmail.com" <kballums@gmail.com>

Legal Division
200 Folly Brook Blvd.
Wethersfield, CT 06109

January 13, 2025

Kenneshea Allums
kballums@gmail.com

Re:    Kenneshea Allums v. Lambda Legal
       MLC 25-000000486

I am writing to inform you of our determination in the above-referenced matter. You filed a Connecticut Family and Medical Leave Act ("CTFMLA") complaint against Lambda Legal, on January 7, 2025. In your complaint, you contend that Lambda Legal interfered with, and retaliated against you for exercising your CTFMLA rights.

Specifically, this complaint was filed beyond the 180-day deadline to file a CTFMLA complaint. Good cause did not exist for the late filing. Consequently, this agency does not have jurisdiction to consider your complaint, and your case is dismissed. Conn. Gen. Stat. Sec. 31-51pp(d)(1).

**Pursuant to Connecticut General Statutes Section 31-51pp(d)(2), this agency releases jurisdiction over your complaint. You have the right to bring a civil action in the Superior Court, provided such action is brought no later than ninety (90) calendar days after the date of this decision and release of jurisdiction.**

Sincerely,

Heidi Lane
Legal Division Director

**Attention filers and respondents of CTFMLA complaints:** If you add or remove an attorney or representative, please notify us immediately at dol.ctfmla@ct.gov or (860) 263-6400 to ensure timely receipt of all communications, which may have time-sensitive deadlines.

For Assistance in Español, Français, Deutsch, Italiano, Polski, Português, Russian, Tagalog, Chinese, Korean, Vietnamese