UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KENNESHEA ALLUMS, | : |
|    *Plaintiff*, | : |
| v. | :    No. 3:25-cv-577-VDO |
| LAMBDA LEGAL DEFENSE & EDUCATION FUND, INC., PAUL CASTILLO, CRYSTAL COSTELLO, and JENNIFER PIZER, | : |
|    *Defendants*. | : |

## RULING ON DISCOVERY DISPUTES

This case was referred to the undersigned to manage all discovery. ECF 67. At the in-person discovery conference on January 21, 2026, the Court issued the following rulings based on the operative pleading, which is plaintiff's Amended Complaint dated September 2, 2025 (ECF 29).

**A. Plaintiff's Interrogatories to Lambda Legal (ECF 70-1)**

**2 and 4.** In an FMLA case, a plaintiff may show pretext by demonstrating that his employer treated him less favorably than similarly situated employees who were outside of his protected class. St*efanowicz v. Falvey Linen Supply, Inc.*, No. 3:17-cv-341 (JCH), 2019 WL 13293202, at *8 (D. Conn. Feb. 11, 2019). While comparators need not be identical to the plaintiff, they must be similarly situated "in all material respects." *Id.* Interrogatories 2 and 4 seek comparator information based on characteristics of race, gender, and disability that are irrelevant insofar as the Complaint does not allege that plaintiff was disciplined or terminated based on these characteristics. To assist the Court in determining whether any comparator discovery might be appropriate regarding plaintiff's allegation that Lambda took adverse actions

in retaliation for her exercise of CFMLA rights, Lambda shall ascertain how many of its attorneys made leave requests under the FMLA or CFMLA citing mental health issues; how many such requests were granted; whether any such attorneys had documented performance-related issues; and how many were subjected to discipline and/or termination.

    **3.**  The answer is sufficient.

    **6. and 10.**  Lambda shall identify the responsive provisions of the Employee Handbook and CBA and the "state and federal laws and regulations" to which it looks for guidance.  If Lambda has no policies specific to the CFMLA (ROG 6) or no grievance procedure (ROG 10), it must say so.

    **8.**  Lambda shall answer for the period from 1/1/22 to 12/31/24.  For present purposes, it may use labels such as Employee 1 in lieu of employee names.

    **9.**  The answer is sufficient.  Plaintiff may use depositions to further explore this issue.

    **14.**  Lambda shall resend copies of the Bates-stamped insurance policy documents, coverage letter, and additional insured documentation described at the hearing.

    **15.**  Based on Lambda's representation that no claims have been made under the insurance policy, nor settlements paid, the answer is sufficient.

    **16.**  Lambda shall supplement the answer to set forth its reasoning in more detail.

    **17.**  Based on Lambda's representation that it will supplement its answer after written discovery is completed, plaintiff's request to compel compliance is denied without prejudice.

    **18.**  (The Court will defer ruling until it resolves disputes regarding the underlying Requests for Admission.)

B. **Lambda's Interrogatories to Plaintiff (ECF 71-1)**

**2. and 3.**  The objections are overruled, and plaintiff shall answer Interrogatories 2 and 3, including as to the specific nature of the serious health condition alleged in the Amended Complaint, the date such condition was diagnosed, the identity of the health care provider who made the diagnosis, the symptoms experienced as a result of the condition, and how those symptoms affected her ability to perform the essential functions of her position with the defendant.  Plaintiff's CFMLA claim puts her health condition and its impact upon her job directly at issue, including by alleging that she was eligible for CFMLA leave.  Although plaintiff cites evidence in which Lambda purportedly admitted her eligibility, the weight of that evidence is a question for summary judgment or trial.  Defense counsel clarified that defendant is disputing eligibility, and defendant is entitled to explore the issue in discovery.

**4.**  Plaintiff shall supplement her answer to identify the dates requested, duration of leave intended to be taken, and the basis for invoking the CFMLA.

**5.**  Plaintiff shall produce copies of all email communications with Lambda employees referenced in her answer.  Plaintiff shall produce emails and texts with Union representatives regarding her CFMLA leave request.

**8.**  Plaintiff shall produce a copy of the 2/7/24 email from Castillo.  She also shall answer whether there were any other verbal or written communications regarding the reasons for the relocation request, and shall produce copies of any such written communications.

**9.**  Plaintiff shall describe in detail any emotional distress damages or reputational harm resulting from the retaliation alleged in the Amended Complaint.

**11.**  Objection sustained.  Lambda can obtain the information internally.

**12.** Plaintiff shall produce all documents or communications she provided to Lambda to support her accommodation request alleged in ¶ 46 of the Amended Complaint.

**13. and 14.** Objection sustained. Plaintiff will supplement if necessary.

**17.** The request to compel compliance is denied without prejudice.

**21.** Plaintiff shall set forth the amount of future lost income damages claimed and explain how she calculated that amount.

C. **Lambda's confidentiality designations**

By **January 26, 2026**, Lambda shall provide copies of the three documents that it agreed to de-designate. By **February 6, 2026**, Lambda shall review the following documents to determine whether the existing confidentiality designations are warranted and shall notify plaintiff of its position: Bates 761–62, 689–94, 1562–66, 1716–22, 1723–26, 1790–93, 1937–39, and 1951–2155.

Regarding Bates 1790–93, Lambda shall also analyze the differences between the document produced in this litigation and submitted to the CHRO and shall file a notice on the docket by **February 6, 2026**, succinctly explaining the reason for any differences.

D. **Additional disputes**

Still in dispute are plaintiff's Requests for Production 26, 30, and 32; plaintiff's Requests for Admission 1, 2, 4, 8–10, 14, and 23; and Lambda's Requests for Production (not including RFPs 7, 25, 29, and 45). The Court will consider these requests on the papers and will issue rulings soon.

Unless otherwise specified, compliance with this Order is due by **February 16, 2026**. Information and materials produced in response to these rulings may be designated under the terms of the Standing Protective Order, ECF 7, as appropriate.

5

      This is not a recommended ruling.  This is an order regarding case management which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2.  As such, it is an order of the Court unless reversed or modified by the District Judge upon motion timely made.

      SO ORDERED, this 23rd day of January, 2026, at Bridgeport, Connecticut.

                                                               */s/ S. Dave Vatti*
                                                               S. DAVE VATTI
                                                               United States Magistrate Judge