**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| KENNESHEA ALLUMS | ) | CIVIL NO. 3:25-CV-00577 (VDO) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.; ET AL. | ) | |
| | ) | |
| Defendant. | ) | OCTOBER 7, 2026 |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS**

The Defendant, Lambda Legal Defense and Education Fund, Inc., ("Lambda Legal"), respectfully submits this memorandum in opposition to Plaintiff, Kenneshea Allums', Motion for Sanctions. ECF 167. Plaintiff seeks the most severe Rule 37 sanctions—deeming the core merits established, striking Lambda Legal's affirmative defenses, and awarding fees—based on a good-faith confidentiality dispute that was resolved long ago, isolated administrative lapses that were promptly cured, and alleged deficiencies she has not particularized. The record does not establish any noncompliance with discovery obligations, nor the willfulness, prejudice, or intent to deprive required to convert a discovery dispute into a judgment on the merits.

Without proving that Lambda Legal has failed to comply with its discovery obligations, Plaintiff asks the Court to deem it established that unproduced ESI exists ***and*** proves her protected activity, Lambda Legal's retaliation, and the conduct underlying her emotional-distress and negligent-supervision claims. ECF 167 at 15. She thus seeks, as a discovery sanction, the very facts she must prove at trial, even though she has never properly particularized the alleged production deficiencies. Rule 37 does not permit that result. Lambda Legal addresses only the assertions material to the requested relief; silence as to any other characterization should not be

construed as agreement with Plaintiff's recitation of the "facts." Lambda Legal instead focuses this opposition on the issues that control the Court's analysis.

## I. Procedural and Factual Background

Lambda Legal addresses the factual record only where necessary to correct the motion's framing.

### a. The November 2025 confidentiality dispute.

Plaintiff mischaracterizes Lambda Legal's initial withholding of nine folders as "obstruction." ECF 167 at 5, 8, 11. As stated numerously times before, Lambda Legal withheld the materials because Plaintiff would not agree to preserve their confidentiality pending entry of a protective order, as documented in the parties' contemporaneous correspondence. Once the Plaintiff stated she would maintain the confidentiality of the documents pending the entry of a protective order, Lambda Legal produced the documents hours later. Lambda Legal did not even wait for the protective order to be entered – only for Plaintiff to confirm she would maintain confidentiality until the Court issued a protective order. Defendant's position, requiring Plaintiff to state an agreement to maintain confidentiality pending the entry of a protective order before disclosing sensitive material was a good-faith litigation position, not defiance of a court order.[1]

### b. The volume asymmetry and Plaintiff's failure to particularize.

Plaintiff was employed for approximately six months, yet her deficiency demands have required Lambda Legal to review thousands of documents in search of items she has never

[1] The April 15, 2026, exchange concerning Plaintiff's stated intention to write to Judge Oliver, and Attorney Pedevillano's reply, was addressed in Lambda Legal's prior briefing. See ECF No. 133 at 4, and ECG No. 11-11 at 6 (wherein Defense counsel offered to extend professional courtesy for such matters, however when undersigned counsel offered to request an extension of the joint status report that was due when Defendant first became aware of Plaintiff's grandmother funeral, Plaintiff declined Defendant's offer). Plaintiff's characterization of that exchange (ECF 167 at 5) is inaccurate and, in any event, immaterial to the Rule 37 analysis. The timeliness of ECF No. 123 was likewise addressed in Lambda Legal's prior filings. See ECF No. 165 at 4. Finally, the record reflects that Plaintiff herself withheld documents she designated confidential at the parties' first production deadline, on the same protective-order rationale she now condemns. See ECF No. 52.

specifically identified. (ECF 167 at 10) As set forth below, and represented in Lambda Legal's Notice of Compliance (ECF 163),[2] Plaintiff's own failure to identify the Bates numbers, custodians, and documents she claims are deficient is the reason the process she now complains of has been protracted.

**c. The disputes were litigated, not ignored.**

The procedural history Plaintiff recites — two discovery hearings, motions for clarification, successive rulings, and cross-objections under Rule 72(a) — reflects an actively litigated discovery record in which both sides pressed contested positions. That is the ordinary business of discovery, not a "sustained pattern of noncompliance, delay, and obstruction." ECF 167 at 8.

**d. The Third Ruling placed the burden of identifying production gaps on Plaintiff.**

The Third Ruling on Discovery Disputes, issued May 22, 2026, directly addressed the alleged production gaps now at the center of Plaintiff's motion. ECF 125. After Lambda Legal's initial production, Plaintiff identified emails missing attachments, and Lambda Legal supplemented them; Lambda Legal represented that it had produced all attachments referenced in responsive emails which Plaintiff identified as missing. ECF 125 at 4. Plaintiff nonetheless demanded that Lambda Legal be ordered to re-review its entire production for completeness rather than identify specific deficiencies herself, objecting that such review was unduly burdensome for a pro se party. *Id.* The Court rejected that demand, holding that reviewing the documents produced to her was "not unduly burdensome," "particularly given that she is a practicing attorney," and that she would have to review the productions to prepare for trial in any event. *Id.* The Court therefore assigned the burden of identification to Plaintiff and set a

[2] Plaintiff's deficiency letters identified approximately 350 documents (of the just under 600 documents produced) that Plaintiff believes are "deficient" in some way, without specifying what issue she raised with each documents, and forcing Defendant to guess from an exhaustive list of grievances she raised which issue applied to each document.

sequential process: by June 26, 2026, Plaintiff was to provide a list "identifying documents by Bates number that suggest the existence of additional responsive information/attachments that Lambda has not disclosed or produced"; by July 15, 2026, the parties were to meet and confer regarding the alleged gaps; and by July 31, 2026, Lambda Legal was to produce any missing documents or provide "a sworn response stating, as to each document on Plaintiff's list, that either the putative missing information does not exist or could not be found despite a diligent search." ECF 125 at 4-5.[3] Lambda Legal's production-and-certification obligation was thus expressly contingent on Plaintiff first identifying specific documents by Bates number and being able to identify what within that document suggested the existence of additional responsive information/attachments — the predicate step she has never completed, despite Defense counsel asking her to provide such clarity during the meet & confer and by sending Plaintiff an itemized spreadsheet to fill in the specific issue with each bates number she listed.

**e. Lambda Legal submitted to the Court's in camera review and complied with the resulting Order.**

Lambda Legal's conduct toward the Court confirms compliance, not defiance. Pursuant to the Third Ruling on Discovery Disputes, Lambda Legal submitted two sets of documents to the Court *ex parte* for review *in camera*. ECF 125 at 1, 4. On July 22, 2026, the Court resolved Plaintiff's challenge to Lambda Legal's confidentiality designations largely in Lambda Legal's favor. ECF 155. Having reviewed every challenged designation *in camera*, the Court de-designated only seven narrow Bates ranges that "discuss attorney workload concerns and allocations," and held that "[a]ll other documents listed in ECF 119 at 4 qualify as protected attorney work product." *Id.* The Court further questioned "the utility of challenging confidentiality designations in the abstract" and directed that "[f]uture requests for the Court to review confidentiality designations must be accompanied by a showing of need." *Id.* That ruling vindicates the good faith of Lambda Legal's designations: the overwhelming majority were sustained as work product, and the Court viewed Plaintiff's abstract challenge with skepticism.

[3] These deadlines were adjusted by subsequent Court orders.

The Court directed production of specified comparator personnel-file materials by August 6, 2026 and Lambda Legal compiled. ECF 155. Lambda Legal acknowledges it did not produce the documents which required redesignations on August 6, 2026 due to an administrative oversight. As soon as that delay was brought to Lambda Legal's attention, Lambda Legal immediately produced the documents in a resdesignated format.[4] And on August 21, 2026, Lambda Legal filed a notice documenting its ongoing compliance with the Third Ruling as to the separate question of alleged production gaps: it catalogued each Bates number Plaintiff identified in a spreadsheet noting attachment status and reproduction, produced new copies of documents, and continued to rerun custodial searches — committing to produce any additional responsive materials immediately. ECF 163. This is the record of a party discharging its discovery obligations, not one flouting them.

## II. Argument

### a. Rule 37 Sanctions Require Culpability, Proportionality, and a Nexus to the Withheld Discovery — None of Which Plaintiff Can Show.

Plaintiff cannot clear the threshold that Rule 37(b) imposes before any sanction may issue. Two predicates must be satisfied: "(1) a 'court order directing compliance with discovery requests,' and (2) 'non-compliance with that order.'" *Hei Li v. GreatCare, Inc.*, No. 24-CV-7401 (LTS)(KHP), 2026 WL 2593180, at 6 (S.D.N.Y. Sept. 1, 2026). The party seeking sanctions bears the initial burden of demonstrating that non-compliance. *United Prob. Officers Ass'n v. City of New York*, 350 F.R.D. 460, 467 (S.D.N.Y. 2026). Plaintiff has not carried it.

Lambda Legal complied with the operative discovery orders: it submitted its documents for *in camera* review, the Court sustained all but a narrow subset of its confidentiality designations as protected work product, and Lambda Legal produced the de-designated documents and the ordered comparator materials.[5] ECF 155. Its August 21 notice documents

---

[4] Lambda Legal did so despite lead counsel being out of the country on a pre-planned family vacation with limited internet access. In addition, there was no prejudice to Plaintiff as Plaintiff had the documents already, just with higher confidentiality designations. The comparator files were produced on August 6, 2026 as ordered.

[5] See footnote 4. The delay in compliance did not prejudice the Plaintiff.

continued, good-faith compliance with the Third Ruling. ECF 163. Where a party has complied — or, at most, committed isolated and promptly cured lapses — the threshold predicate for Rule 37(b) sanctions is absent and the inquiry ends.

Assuming *arguendo* that Plaintiff has shown noncompliance, the Court considers a party's willfulness or cause, the efficacy of lesser sanctions, the duration of noncompliance, and whether the noncompliant party was warned of the consequences. *Id.* at 466–67. Because Rule 37 authorizes only "just" sanctions, their severity must be commensurate with the noncompliance. *Id.* at 467.

That proportionality principle carries decisive weight here because Plaintiff seeks the harshest sanctions the Rule allows. Dismissal, default, and their functional equivalents are a "drastic remedy" "to be used only when the district judge has considered lesser alternatives" and available only where noncompliance is "due to willfulness, bad faith, or any fault" of the sanctioned party. *S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010). Such sanctions "should be imposed only in rare situations." *Update Art, Inc. v. Modiin Pub., Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988). And a district court "abuses its discretion in issuing harsh sanctions where lesser efficacious alternatives are available." *Diaz v. New York Paving Inc.*, 553 F. Supp. 3d 11, 15–16 (S.D.N.Y. 2021). Two independent limits therefore constrain the Court: any sanction "must be just" and "must be specifically related to the particular "claim" which was at issue in the order to provide discovery." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707, 102 S. Ct. 2099, 2107, 72 L. Ed. 2d 492 (1982). Plaintiff's requested relief fails both.

**i. Lambda Legal's Conduct Was Not Willful.**

Noncompliance is "willful" only "when the court's orders have been clear, when the party has understood them, and when the party's non-compliance is not due to factors beyond the

party's control." *Nieves v. City of New York*, 208 F.R.D. 531, 536 (S.D.N.Y. 2002). Severe sanctions require "willfulness, bad faith, fault or gross negligence rather than inability to comply or mere oversight." *Id.* at 535. Measured against that standard, the conduct Plaintiff catalogs does not support sanctions.

**ii. The confidentiality withholding was a good-faith dispute.**

As explained above, Lambda Legal withheld the November 2025 materials because Plaintiff had not agreed to maintain their confidentiality pending a protective order. A party is "substantially justified" — and not sanctionable — where it "could satisfy a reasonable person that parties could differ as to whether the party . . . was required to comply" or where "there exists a genuine dispute concerning compliance." *Diaz*, 553 F. Supp. 3d 11, 21–22 (S.D.N.Y. 2021). A refusal to produce confidential documents until a party agrees to maintain their confidentiality is a reasonable legal position and a genuine dispute. Further, these documents were produced nearly a year ago and Plaintiff raising this issue now for sanctions is disingenuous and counter to the Court's consistent instruction for the parties to proceed with discovery disputes in good-faith.

**iii. The July 30 meet-and-confer cancellation and the August 12 email were inadvertent, not defiant.**

The July 30 conference was rescheduled because counsel inadvertently missed Plaintiff's email confirming it. ECF 167 at 12. Plaintiff's August 12 email drew an out-of-office response because counsel was traveling outside the country. ECF 167 at 5. These are the ordinary frictions of litigation, not evidence of an intent to obstruct. Isolated lapses of this kind, if they can even be called lapses, are "de minimis" and do not warrant sanctions. *United Prob. Officers Ass'n*, 350 F.R.D. 460, 474 (S.D.N.Y. 2026)(finding "no indication that defendant acted in bad faith with respect to any of the alleged violations, given that the alleged violations were either unproven, de

minimis, or the subject of an explanation inconsistent with bad faith"). Most notably, counsel worked diligently to, and did in fact, resolve these issues. *See* fn 4, supra.

**iv. The late August 6 re-designations were a calendaring error, promptly cured.**

Lambda Legal does not dispute that it missed the August 6 deadline for the re-designations required by ECF No. 155 because the deadline was not properly calendared to include both submissions. ECF 167 at 5, 9. However, this was an inadvertent oversight evidenced by the fact that Defendant timely served the Comparators Personnel files on August 6 and served the re-designations promptly after Plaintiff raised the issue, while lead counsel was traveling outside the country.[6] ECF 167 at 19. A calendaring failure is not willful and does not support drastic sanctions, especially when the oversight was promptly corrected and the opposing party had copies of the documents already, just with higher confidentiality designations.[7] The prompt cure further negates willful defiance.

**v. There is no "sustained pattern of noncompliance, delay, and obstruction.**

The record shows four discrete events: a resolved confidentiality dispute in November 2025, a missed confirming email, an out-of-office response, and a promptly cured calendaring error. Aggregating good-faith disputes and inadvertent lapses does not establish willfulness. Alleged violations that are "either unproven, de minimis, or the subject of an explanation inconsistent with bad faith" do not warrant sanctions. *United Prob. Officers*, 350 F.R.D. 460, 474 (S.D.N.Y. 2026).

[6] Plaintiff received the documents that were not previously produced, the comparator files, on August 6, 2026. It was documents already in Plaintiff's position that were redesignated pursuant to the Court's order that were inadvertently delayed.

[7] Plaintiff has not provided any reason she needed the documents as redesignated between August 6, 2026 and August 12, 2026 and has not identified any prejudice whatsoever.

**b. Plaintiff Cannot Obtain Sanctions Under Rule 37(e) Because No ESI Was Lost and There Is No Evidence of Intent to Deprive.**

Rule 37(e) applies only when ESI is lost because a party failed to take reasonable preservation steps and the information cannot be restored or replaced through additional discovery. *Chepilko v. Henry*, 722 F. Supp. 3d 329, 338 (S.D.N.Y. 2024). Plaintiff must prove by a preponderance that relevant ESI existed, should have been preserved, was not reasonably preserved, and cannot be entirely restored or replaced; failure on any element defeats the motion. *Id*.

Plaintiff offers no evidence that Lambda Legal lost, destroyed, or failed to preserve ESI. Her allegation that emails in the August 21 production "continue to show attachments that were not produced" concerns production completeness, not data loss. ECF 167 at 10. Rule 37(e) does not apply to evidence that was "not lost, but merely untimely produced"; such disputes fall under Rule 37(b). *Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*, 2019 WL 4727537, at 18, fn. 21, (S.D.N.Y. Sept. 26, 2019). Plaintiff also bears the burden of showing intentional destruction to deprive her of the ESI's use and has produced no such evidence. *Baltas v. Dones*, No. 3:22-CV-38 (MPS), 2023 WL 7300559 at 15 (D. Conn. Nov. 6, 2023).

Finally, Lambda Legal's actual conduct further refutes any inference of intent. Its August 21 notice disclosed that it was continuing to rerun searches. ECF 167 at 6. To be clear, Lambda Legal believes that Plaintiff's discovery requests in this case have been disproportionate to the needs of her case and relevance to her alleged claims. However, because Plaintiff claims 350 documents are somehow deficient and does not specify with particularity how they are deficient, Defendant's, in order to continue its efforts to comply, endeavored extensive re-review of ESI. Those searches were delayed in part by changes in Lambda Legal's information-technology and People & Culture personnel responsible for running them — a logistical impediment, not a

stratagem to withhold evidence. The August 21 notice states its position, and Lambda Legal stands on it. A party working to supplement its production is not a party destroying evidence.[8]

**c. Plaintiff's Sworn-Statement and "Missing Documents" Demands Are Unworkable Because Plaintiff Has Not Identified the Documents at Issue.**

The Third Ruling required Lambda Legal, "as to each document on Plaintiff's list," to produce the item or attest that it "does not exist or could not be found despite a diligent search." ECF 167 at 9. Plaintiff faults Lambda Legal for not providing that statement and for not producing unspecified custodial files, pages, and attachments. ECF 167 at 9, 10. But she has not identified which documents allegedly lack attachments, custodial files, or pages. Lambda Legal cannot provide a document-specific certification without a document-specific list.

Far from stonewalling, Lambda Legal undertook substantial work — at its client's expense — to bridge the gap Plaintiff's own imprecision created. After Plaintiff refused to provide additional identifying information during the meet-and-confer, Lambda Legal prepared spreadsheets cataloging the attachments to help isolate the items in dispute. ECF 167 at 10. The chart Lambda Legal filed addressed the attachments Plaintiff had raised; the later revised chart simply removed a single column that was not relevant. ECF 167 at 10. This is the conduct of a party attempting in good faith to resolve a dispute, not one defying the Court.

The deeper problem is that Plaintiff seeks to shift her own burden onto Lambda Legal. A party moving to compel or for sanctions must identify the specific discovery she contends is deficient. Plaintiff's failure to do so — while demanding that Lambda Legal review thousands of documents for a six-month employee — is the reason the parties remain at an impasse, and it cannot be laid solely at Lambda Legal's feet.

---

[8] Lambda Legal has reviewed thousands of additional documents as a result of Plaintiff's failure to clearly identify the alleged deficiencies with specific bates numbers. Lambda Legal is continuing that review to ensure the completeness of production and to prevent duplicate production.

**d. There Is No Basis to Deem Core Merits Facts Established.**

Plaintiff's request that the Court deem established the existence and content of unproduced ESI, and the ultimate facts of her claims, is a request to win the case through a discovery motion. ECF 167 at 15.

A sanction that deems facts established is "tantamount" to dismissal or default and is judged by the same demanding standard. *S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 147 (2d Cir. 2010). "An adverse inference instruction is [a] severe sanction" that requires the showing that "(1) that the party having control over the evidence had an obligation to timely produce it; (2) that the party ... had 'a culpable state of mind'; and (3) that the missing evidence is 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." *United Prob. Officers Ass'n*, 350 F.R.D. 460, 475 (S.D.N.Y. 2026). Plaintiff makes none of the requisite showings.

The reality is that fact discovery is ongoing and there is simply no basis to impose sanctions of this degree when Defendant has continued to seek to understand Plaintiff's demands and has expended and continues to expend vast amounts of time and money to ensure compliance with their discovery obligations.

**e. Striking Lambda Legal's Affirmative Defenses — In Whole or in Part — Is Improper.**

Plaintiff asks the Court to strike Lambda Legal's affirmative defenses "in whole or in part." ECF 167 at 16. Striking a defense is a harsh sanction, one akin to dismissing the action altogether, and is judged by the dismissal standard: a "drastic remedy that should be imposed only in extreme circumstances, . . . usually after consideration of alternative, less drastic sanctions." *World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*, 694 F.3d 155, 159 (2d Cir. 2012)(wherein the Second Circuit vacated exactly such a sanction where the district

court gave no analysis, considered no lesser sanctions, and imposed a penalty that far outweighed the transgression — particularly where the underlying failure was negligent and sought no tactical advantage.)

Neither wholesale nor targeted striking is warranted. Several affirmative defenses have no connection to the disputed emails or ESI; for example, failure to mitigate turns on Plaintiff's post-termination conduct and job-search efforts. Wholesale striking would therefore violate the rule that a sanction may reach only the claim and facts implicated by the withheld discovery. *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 70. Targeted striking would still require willfulness or fault, proportionality, notice and an opportunity to respond, and a nexus between the specific defense and discovery withheld. *World Wide Polymers, Inc*, 694 F.3d 155, 158–160 (2d Cir. 2012). Plaintiff has established none of those predicates.

**f. No Sanctions Are Warranted — Lesser or Otherwise.**

Because Lambda Legal's conduct was not willful and caused no cognizable prejudice, no sanction is appropriate at any level of severity. Where a court concludes that "no sanctions should be imposed, it is not necessary to consider whether "lesser" sanctions are appropriate. *United Prob. Officers Ass'n* 350 F.R.D. 460, 475 (S.D.N.Y. 2026). Sanctions are also independently unavailable because Lambda Legal's positions were "substantially justified" and any delay was "harmless." *Diaz,* 553 F. Supp. 3d 11, 22 (S.D.N.Y. 2021).

Even conduct a court finds troubling is not sanctionable where the movant cannot show that the litigation's course would have differed. *Id.* at 24. Plaintiff makes no such showing here.

If the Court addresses any specific lapse, the appropriate remedy is completion of the supplemental production already underway—not the case-ending relief Plaintiff seeks. Rule 37

aims "to restore [the movant] insofar as possible to the position [she] would have been in absent" the violation, not to award victory on the merits. *Id.*at 15.

## III. Conclusion

For the foregoing reasons, Lambda Legal respectfully requests that the Court deny Plaintiff's Motion for Sanctions in its entirety, together with such other and further relief as the Court deems just and proper.

THE DEFENDANTS:
LAMBDA LEGAL DEFENSE AND
EDUCATION FUND, INC., ET AL.

By /s/ ct28872

Jennifer A. Pedevillano of
HALLORAN & SAGE LLP
265 Church Street Suite 802
New Haven, CT 06510
Fed. Bar #ct28872
Phone: 203 672-5432
Fax: 203 672-5480
pedevillano@halloransage.com
Its Attorneys

**CERTIFICATION**

This is to certify that on this 7th day of October 2026, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/ ct28872

Jennifer A. Pedevillano